# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SHUKLA MEDICAL INC.,

     Plaintiff,

v.

MAHE MEDICAL USA, LLC,

     Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Shukla Medical Inc. ("Plaintiff" or "Shukla Medical") brings this action for trademark infringement, unfair competition, false advertising and false designation of origin, patent infringement, and related claims under Colorado common law for trademark infringement and unfair competition, and deceptive trade practices under Colorado law against Defendant Mahe Medical USA, LLC ("Defendant" or "Mahe"), and alleges as follow:

## THE PARTIES

1.    Plaintiff Shukla Medical is a privately held company organized under the laws of Florida with a principal place of business located at 8300 Sheen Drive, St. Petersburg, FL 33709.

2.    Defendant Mahe Medical USA, LLC is a privately held limited liability company organized under the laws of Colorado with its principal business address located at 5577 Dunraven Lane, Golden, CO 80403 (**Exhibit 1**).  Additionally, Dun & Bradstreet lists an address for Mahe Medical USA, LLC as 7022 S. Revere Parkway, Ste. 240 Englewood CO, 80112-6790

(**Exhibit 2**), and a search of "Mahe Medical USA" via Google identifies Mahe Medical USA having an office address of 9800 E. Easter Ave #130, Centennial, CO 80112 (**Exhibit 3**).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 35 U.S.C. §§ 101 and 271, et seq., and 28 U.S.C. §§ 1331 and 1338.

4.      This Court has supplemental jurisdiction over Plaintiff's claims under Colorado law pursuant to 28 U.S.C. § 1367.

5.      Defendant is subject to personal jurisdiction in Colorado because, among other things, it is incorporated in Colorado and has offices in Colorado.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and 1400(b) because Defendant has marketed and sold medical equipment in Colorado and has committed acts of infringement in this District.

## STATEMENT OF FACTS

7.      Shukla Medical is in the business of researching, developing, manufacturing, and selling universal orthopedic extraction instruments.

8.      Shukla Medical provides universal orthopedic extraction equipment and products to the healthcare industry in the United States and abroad.

9.      Mahe is in the business of selling orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments throughout the United States.

### The Shukla Medical Trademark

10.      Shukla Medical has adopted and used continuously, since at least 2004, the trademark XTRACT-ALL (the "Shukla Medical Mark") in connection with medical products, including its surgical extraction technologies.

11.     Shukla Medical has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Shukla Medical Mark.  As a result, the Shukla Medical Mark is recognized and associated by relevant consumers with Shukla Medical's products and services, including its surgical extraction technologies.

12.     Extensive goodwill has developed in the Shukla Medical Mark and in connection with its use by Shukla Medical in the healthcare industry.  As a result of Shukla Medical's long, extensive, and exclusive use, the Shukla Medical Mark has become extremely well known and favorably regarded in the healthcare industry.

13.     On January 10, 2006, the United States Patent and Trademark Office ("USPTO") issued Trademark Registration No. 3,039,254 (the "Shukla Medical Registration") to S.S. White Technologies Inc. for use of the XTRACT-ALL Mark in connection with, *inter alia*, orthopedic implant removal devices.  S.S. White Technologies Inc. later assigned all rights in and to the XTRACT-ALL Mark, including the Shukla Medical Registration and all common law rights associated therewith, to its wholly owned subsidiary Shukla Medical.  A copy of the U.S. trademark registration certificate for the Shukla Medical Registration is attached as **Exhibit 4**.

14.     The Shukla Medical Registration covers the following goods in International Class 10: "Hand-held and manually operated medical tools and instruments used in orthopedic implant removal procedures, namely mallets, ratchets, sockets, wrenches, pliers, screwdrivers, universal nail and rod extraction systems consisting primarily of orthopedic nails and nail rod extractors for use in orthopedic implant removal procedures, universal spine implant removal systems consisting primarily of thoracolumbar construct extractors, rod clamping pliers, open-end wrenches and counter-torque drivers, universal maxi ratcheting screwdriver system consisting primarily of bone screwdriver shafts and ratcheting screwdriver handle, universal mini

ratcheting screwdriver removal system consisting primarily of small bone screwdriver shafts and

a mini ratcheting screwdriver, universal compression hip screw removal system consisting

primarily of trephines, chisels, extractors, and screwdriver, universal broken bone screw removal

system consisting primarily of broken bone extractor shafts and screwdriver handle, universal

stripped bone screw removal system consisting primarily of stripped bone screw extractor shafts,

and sterilization cases".

15.    The Shukla Medical Mark has been in continuous use since at least as early as

March 10, 2004.  Said registration is valid, subsisting in full force and effect, and has become

incontestable pursuant to 15 U.S.C. § 1065.

16.    The Shukla Medical Registration constitutes conclusive evidence of its validity

and conclusive evidence of Shukla Medical's exclusive right to use the Shukla Medical Mark in

connection with the goods identified therein.

17.    The Shukla Medical Registration registered with the USPTO on the Principal

Register on January 10, 2006, and provides notice to Defendant of Shukla Medical's priority,

ownership, and exclusive rights in the Shukla Medical Mark.

18.    Shukla Medical has also acquired common law rights in the Shukla Medical Mark

by its use of this mark within the United States.

**Defendant's Acts of Trademark Infringement and Unfair Competition**

19.    Upon information and belief, Mahe has sold and is currently selling orthopedic,

spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments, including

instruments for orthopedic implant removal throughout the United States, including Colorado,

under the trademark XTRACTA-SCREW (the "XTRACTA-SCREW Mark").  Attached hereto

as **Exhibit 5** and **Exhibit 6** are screenshots taken from Defendant's website pages showing

Defendant's prior and current use of the XTRACTA-SCREW Mark.

20.    The goods offered under Defendant's XTRACTA-SCREW Mark and the goods offered under Plaintiff's Shukla Medical Mark are identical, or at a minimum, significantly overlap: *e.g.*, orthopedic implant removal devices sold in the healthcare industry.

21.    Defendant's XTRACTA-SCREW Mark is likely to be confused with the Shukla Medical Mark, XTRACT-ALL, because the marks cover identical goods and are similar in appearance, sound, pronunciation, meaning, and overall commercial impression.

22.    Upon information and belief, Defendant commenced using the XTRACTA-SCREW Mark in the U.S. in connection with its business in 2021, long after Shukla Medical began using its Shukla Medical Mark in 2004.

23.    Upon information and belief, Defendant has used and continues to use the XTRACTA-SCREW Mark in connection with sales, advertising, marketing, and promotional activities which are targeted to the healthcare community.

24.    Upon information and belief, Defendant promotes its business and the XTRACTA-SCREW Mark throughout the United States, including Colorado, through its website and other means (**Exhibit 6**).

25.    Shukla Medical and Defendant both offer similar products through some of the same channels of trade and marketing, and both target the same class of consumers, *i.e.*, orthopedic departments of hospitals and orthopedic surgeons.

26.    Plaintiff never authorized Defendant to use the XTRACTA-SCREW Mark, or any variations thereof, and Defendant adopted the XTRACTA-SCREW Mark without Shukla Medical's consent.

27.     Plaintiff informed Defendant of Shukla Medical's Xtract-All trademark on December 22, 2023, when Plaintiff issued a cease and desist notice to Mahe Medical USA (**Exhibit 7**).

28.     Shukla Medical brought suit in the Middle District of Florida in December, 2023 for trademark infringement, as well as related counts of unfair competition and false advertising. That suit was ultimately dismissed for lack of personal jurisdiction.

29.     Even after being sued, Mahe Medical continued to use the XTRACTA-SCREW Mark, and refused to cease and desist from doing so.

30.     Shukla Medical has priority over Defendant based on the 2006 Shukla Medical Registration and its use of the Shukla Medical Mark in commerce since at least as early as 2004, well before Defendant's use of its XTRACTA-SCREW Mark.

31.     Defendant's use of the XTRACTA-SCREW Mark is likely to cause confusion, mistake, or deception as to the source or origin of its goods.  This confusion has and will continue to damage Shukla Medical's goodwill and business reputation throughout the U.S., including Colorado.

32.     As such, consumers are likely to associate Defendant with Shukla Medical and wrongly assume that the XTRACTA-SCREW Mark emanates from, has been approved, licensed, or sponsored by, or is otherwise affiliated with Shukla Medical.

33.     Defendant's acts constitute trademark infringement of the Shukla Medical Mark. Defendant's infringement is willful, and with full knowledge of Shukla Medical's rights and interest in the Shukla Medical Mark and Shukla Medical Registration.

## The Patents-in-Suit

34.     The Patents-in-Suit are U.S. Patent No. 11,426,226 and U.S. Patent No.

12,043,488.

35.     U.S. Patent No. 11,426,226 ("the '226 Patent") entitled "Orthopedic Screw

Extractor," was duly and legally issued by the United States Patent and Trademark Office

(USPTO) on August 30, 2022.  A copy of U.S. Patent No. 11,426,226 is attached as **Exhibit 8**.

The '226 Patent is a continuation of U.S. Patent No. 10,462,414 filed on May 2, 2017, which

claims priority to provisional application no. 62/330,777 filed May 2, 2016.

36.     U.S. Patent No. 12,043,488 ("the '488 Patent") entitled "Orthopedic Screw

Extractor," was duly and legally issued by the USPTO on July 23, 2024.  A copy of U.S. Patent

No. 12,043,488 is attached as **Exhibit 9**.  The '488 Patent is a continuation of U.S. Patent No.

11,426,226, which is a continuation of U.S. Patent No. 10,462,414 filed on May 2, 2017, which

claims priority to provisional application no. 62/330,777 filed May 2, 2016.

37.     The Patents-in-Suit relate to an orthopedic screw extractor for removing damaged

orthopedic fasteners, *i.e.*, screws implanted within a patient's bone.

38.     Shukla Medical is the owner of the '226 and '488 Patents by assignment from the

inventors.

## Defendant's Acts of Patent Infringement

39.     On information and belief, Mahe Medical GmbH in Germany is a member of

Defendant. On information and belief, Defendant obtains the Xtracta-Screw product from Mahe

Medical GmbH and imports it for sale and distribution in the United States.

40.     Defendant has imported, offered for sale, used, and sold the Xtracta-Screw

product, including the Mahe Medical Xtracta-Screw brand stripped screw extractor ("the

Xtracta-Screws"), throughout the United States.  *See* **Exhibit 5** (screenshots taken from Defendant's website pages showing Defendant's use of the XTRACTA-SCREW Mark) and **Exhibit 10** (letter from Defendant's President Keith Hamilton acknowledging marketing the sales of the Xtracta-Screws via its website).  As is customary in the United States, on information and belief, various independent sales organizations sell the Mahe Medical Xtracta-Screw product on behalf of Defendant.

41.    Upon information and belief, Defendant continues to import, offer for sale, use, and sell brand stripped screw extractors, including the Xtracta-Screws, throughout the United States.

42.    In addition to constructive knowledge, Plaintiff informed Defendant that Shukla Medical holds numerous patents in the orthopedic extraction technologies space on December 22, 2023, when Plaintiff issued a cease and desist notice to Mahe Medical USA (**Exhibit 7**).

43.    Defendant's actions have been, and unless enjoined, will continue to be in violation of Federal and/or Colorado State law governing trademark and patent infringement and unfair competition and are causing, and will continue to cause, damage and immediate and irreparable harm to Shukla Medical, including lost revenues, loss of control of its reputation, and loss of goodwill.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

44.    Shukla Medical repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

45.    Shukla Medical owns all rights, title, and interest in and to the Shukla Medical Mark.

46.     Defendant, without authorization from Shukla Medical, has used and is continuing to use in commerce a designation, the XTRACTA-SCREW Mark, in connection with its goods, which is likely to cause confusion with Plaintiff's Shukla Medical Mark, the registration of which has attained incontestable status.

47.     Shukla Medical has priority over Defendant based on its use and registration of the Shukla Medical Mark prior to Defendant's use of the XTRACTA-SCREW Mark.

48.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among customers, the public, and the industry as to whether Defendant's products originate from, or are affiliated with, sponsored by, or endorsed by Shukla Medical.

49.     Upon information and belief, Defendant has acted with knowledge of Shukla Medical's ownership of the Shukla Medical Mark and with deliberate intention or willful blindness to unfairly benefit from its goodwill.

50.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

51.     By virtue of the foregoing, Defendant has caused Shukla Medical to suffer injuries for which it is entitled to recover compensatory damages in an amount up to three times the amount of actual damages as determined at trial, as well as an award of Defendant's profits and the costs of this action under 15 U.S.C. § 1117.

52.     Upon information and belief, Defendant intends to continue its infringing acts unless restrained by this Court.

53.     As a direct and proximate result of Defendant's infringing activities, Shukla Medical has been or will be irreparably harmed and damaged.  Shukla Medical's remedies at law are inadequate to compensate for this harm and damage.

54.     Defendant's actions, as set forth above, and Defendant's unauthorized use of the XTRACTA-SCREW Mark constitute infringement of the Shukla Medical Mark that is the subject of the Shukla Medical Registration in violation of the Lanham Act, 15 U.S.C. § 1114 and entitle Shukla Medical to an injunction against said use pursuant to 15 U.S.C. § 1116.

55.     Defendant's infringement of the Shukla Medical Mark as alleged herein is an exceptional case and is intentional, entitling Shukla Medical to treble its actual damages, disgorgement of Defendant's profits, costs of this action, and to an award of reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125; Lanham Act § 43(a))

56.     Shukla Medical repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

57.     Defendant, without authorization from Shukla Medical, has and is continuing to use in commerce the XTRACTA-SCREW Mark, in connection with its goods, which is likely to cause confusion with the Shukla Medical Mark, the registration of which has attained incontestable status.

58.     Defendant's actions, as set forth above, are intended or are likely to confuse, mislead, or deceive customers, the public, and the industry as to the origin, source, sponsorship, or affiliation of Defendant's goods or services, or are intended or are likely to cause such parties to mistakenly believe that Defendant's goods have been authorized, sponsored, approved,

endorsed or licensed by Shukla Medical, or that Defendant is in some way connected, associated, or affiliated with Shukla Medical.

59.     Such actions constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Upon information and belief, Defendant has profited and been unjustly enriched.

61.     By virtue of the foregoing, Defendant has caused Shukla Medical to suffer injuries for which it is entitled to recover compensatory damages in an amount up to three times the amount of actual damages as determined at trial, as well as an award of defendant's profits and the costs of this action under 15 U.S.C. § 1117.

62.     Upon information and belief, Defendant has acted willfully and deliberately.

63.     In addition, Defendant's acts are causing and continue to cause Shukla Medical irreparable harm in lost sales and revenue, loss of control over its reputation and loss of consumer goodwill.

64.     This irreparable harm to Shukla Medical will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

65.     Defendant's infringement of the Shukla Medical Mark as alleged herein is an exceptional case and is intentional, entitling Shukla Medical to treble its actual damages, disgorgement of Defendant's profits, costs of this action, and to an award of reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
## FALSE ADVERTISING
### (15 U.S.C. § 1125; Lanham Act § 43(a))

66.     Shukla Medical repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

67.     Defendant has advertised orthopedic, spine, and craniomaxillofacial (CMF) medical devices, implants, and instruments, including instruments for orthopedic implant removal, throughout the United States and Colorado, under the XTRACTA-SCREW Mark on its website, in promotional literature, and in catalogs, among other means.

68.     Defendant has generated and maintained these advertisements utilizing a mark that was purposely adopted to confuse consumers into believing they were purchasing products associated with Shukla Medical and the Shukla Medical Mark.

69.     The content of the Defendant's advertising is therefore false and/or misleading.

70.     The advertising by the Defendant that incorporates the XTRACTA-SCREW Mark has confused consumers and/or has the capacity to confuse consumers.

71.     Defendant's false advertising was likely to influence purchasing decisions of those who were confused into purchasing Defendant's products.

72.     Defendant has utilized these false advertisements to misrepresent products sold throughout the United States in interstate commerce.

73.     Shukla Medical has been harmed and is likely to continue to be harmed by Defendant's false advertising.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT (COLORADO)**

74.     Shukla Medical repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

75.     Shukla Medical owns all rights, title, and interest in and to the Shukla Medical Mark, including all common law rights in such mark.  The Shukla Medical Mark is active and protectable.

76.     Defendant, without authorization from Shukla Medical, has used and is

continuing to use a designation in connection with, *inter alia*, orthopedic implant removal
devices that is likely to cause confusion with the Shukla Medical Mark.

77.    Shukla Medical has priority over Defendant based on its use of the Shukla
Medical Mark prior to Defendant's use of the XTRACTA-SCREW Mark.

78.    The foregoing acts of Defendant are intended to cause, have caused, and are likely
to continue to cause confusion, mistake, and deception among customers, the public, and the
industry as to whether Defendant's products originate from, or are affiliated with, sponsored or
endorsed by, or otherwise associated with Shukla Medical.

79.    Upon information and belief, Defendant has acted with knowledge of Shukla
Medical's ownership of the Shukla Medical Mark and with deliberate intention or willful
blindness to unfairly benefit from the goodwill symbolized thereby.

80.    Defendant's actions, as set forth above, and Defendant's use of the XTRACTA-
SCREW Mark constitute or will constitute trademark infringement in violation of Colorado
common law.

81.    Upon information and belief, Defendant has made and will continue to make
substantial profits and gains to which it is not entitled in law or equity.

82.    Defendant's acts are causing and continue to cause Shukla Medical irreparable
harm in lost sales and revenue, loss of control over its reputation and loss of consumer goodwill.

83.    Upon information and belief, Defendant intends to continue its infringing acts
unless restrained by this Court.

84.    Defendant's acts have damaged and will continue to damage Shukla Medical, and
Shukla Medical has no adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

85.    Shukla Medical repeats and realleges each of the allegations in the foregoing

paragraphs as though fully set forth herein.

86.    Shukla Medical has expended substantial time, money, and other resources in

developing, advertising, and otherwise promoting the Shukla Medical Mark.  As a result, the

Shukla Medical Mark is recognized and associated by relevant consumers with Shukla Medical's

products and services, such that it has acquired a secondary meaning or significance that

identifies Shukla Medical.

87.    Defendant, without authorization from Shukla Medical, has unfairly used and is

continuing to unfairly use a designation that is likely to cause confusion with the Shukla Medical

Mark in violation of Colorado common law.

88.    The foregoing acts of Defendant are intended to cause, have caused, and are likely

to continue to cause confusion, mistake, and deception among customers, the public, and the

industry as to whether Defendant's products originate from, or are affiliated with, sponsored or

endorsed by, or otherwise associated with Shukla Medical.

89.    Defendant has unfairly competed with Shukla Medical through the various

unlawful acts described herein.

90.    Upon information and belief, Defendant has acted willfully and deliberately.

91.    Upon information and belief, Defendant has profited and been unjustly enriched.

92.    By virtue of the foregoing, Defendant's acts have damaged and will continue to

damage Shukla Medical, to which the harm from Defendant's unfair competition cannot be

adequately compensated through monetary relief alone.

93.    Defendant has caused Shukla Medical to suffer injuries for which it is entitled to

recover compensatory damages in an amount up to three times the amount of actual damages as determined at trial, as well as an award of defendant's profits and the costs of this action.

94.     In addition, Defendant's acts are causing and continue to cause Shukla Medical irreparable harm in lost sales and revenue, loss of control over its reputation and loss of consumer goodwill.

95.     This irreparable harm to Shukla Medical will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

96.     Defendant's infringement of the Shukla Medical Mark as alleged herein is an exceptional case and is intentional, entitling Shukla Medical to treble its actual damages, disgorgement of Defendant's profits, costs of this action, and to an award of reasonable attorneys' fees.

97.     Shukla Medical is entitled, as a result of Defendant's unfair competition, to injunctive relief prohibiting Defendant from continuing its unfair competition and for such other equitable relief as the Court deems proper and just.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 11,426,226**

98.     Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

99.     Defendant, without permission or license from Plaintiff, has unlawfully and wrongfully created, imported, offered for sale, used, and sold the Xtracta-Screws.  Such sales have been conducted, for example, through its website.  The Xtracta-Screws infringe at least claims 1, 4, 5 and 9 of the '226 Patent literally or under the doctrine of equivalents.

100.     Support for the allegations of infringement is found in the claim chart attached as **Exhibit 11**.  The allegations of infringement are preliminary and therefore subject to change.

101.    On information and belief, the Xtracta-Screws comprise a screw extracting tip having a frustoconical shape with a side at a taper angle of about 15 degrees relative to a longitudinal axis of the screw extracting tip.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a taper angle of 15 degrees.

102.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a lead of 0.04-0.06 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a lead of 0.054 inches.

103.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a thread pitch of 0.01-0.02 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a thread pitch of 0.018 inches.

104.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a thread depth of 0.004-0.006 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a thread depth of 0.004 inches.

105.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes an overall length ranging from 0.20 to 0.32 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has an overall length of 0.32 inches.

106.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a distal end of the screw extracting tip having an overall diameter ranging from 0.05 to

0.29 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a distal end having an overall diameter of 0.15 inches.

107.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a lead to pitch ratio of 3:1.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a lead of 0.054 inches and a thread pitch of 0.018 inches, thereby providing a lead to pitch ratio of 0.054:0.018 or 3:1.

108.    Defendant is a direct competitor of Plaintiff, as both parties offer competitive stripped screw extractors for the orthopedic industry.

109.    Plaintiff has complied with the marking and notice requirements of 35 U.S.C. § 287 and Defendant has constructive notice of the '226 Patent.  Defendant was also informed that Plaintiff holds numerous patents in the orthopedic extraction technologies space via its December 22, 2023 cease and desist notice to Mahe Medical USA.  Defendant has actual knowledge of the '226 Patent as of the date of filing this Complaint.

110.    Defendant's past and continued acts of infringement of the '226 Patent has caused damage to Plaintiff.  Thus, Plaintiff is entitled to recover damages from Defendant in an amount to be determined at trial, including but not limited to lost profits, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

111.    Defendant's ongoing infringement of the '226 Patent has caused and will continue to cause irreparable harm to Plaintiff unless and until the Court enters an injunction prohibiting Defendant from engaging in further acts of infringement of the '226 Patent.

112.    Upon information and belief, Defendant's conduct has been, and will continue to be, willful and wanton and justifies an award of increased damages.

### COUNT VII
### INFRINGEMENT OF U.S. PATENT NO. 12,043,488

113.    Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

114.    Defendant, without permission or license from Plaintiff, has unlawfully and wrongfully created, imported, offered for sale, used, and sold the Xtracta-Screws.  Such sales have been conducted, for example, through its website.  The Xtracta-Screws infringe at least claims 1, 2, 3, 6, 7, 8, 9, 10 11, 13 and 16 of the '488 Patent literally or under the doctrine of equivalents.

115.    Support for the allegations of infringement is found in the claim chart attached as **Exhibit 12**.  The allegations of infringement are preliminary and therefore subject to change.

116.    On information and belief, the Xtracta-Screws comprise a screw extracting tip having a frustoconical shape with a side at a taper angle of about 15 degrees relative to a longitudinal axis of the screw extracting tip.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a taper angle of 15 degrees.

117.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a lead of 0.04-0.06 inches.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a lead of 0.054 inches.

118.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a thread pitch of 0.01-0.02 inches.  For example, a sample Mahe product (part number

U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a thread pitch of 0.018 inches.

119.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a thread depth of 0.004-0.006 inches. For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a thread depth of 0.004 inches.

120.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes an overall length ranging from 0.20 to 0.32 inches. For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has an overall length of 0.32 inches.

121.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a distal end of the screw extracting tip having an overall diameter ranging from 0.05 to 0.29 inches. For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a distal end having an overall diameter of 0.15 inches.

122.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a lead to pitch ratio of 3:1. For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a lead of 0.054 inches and a thread pitch of 0.018 inches, thereby providing a lead to pitch ratio of 0.054:0.018 or 3:1.

123.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes first and second screw threads each having a thread angle of 50-60 degrees. For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical

and physical measurements of the part determined that the extracting tip has three thread starts. Shukla Medical also evaluated various Mahe Xtracta-Screw products and determined that the thread angle of said products ranges from 50-60 degrees.

124.    On information and belief, the Xtracta-Screws have a screw extracting tip that includes a lead ranging from 0.3-0.7 times the overall diameter of its distal end.  For example, a sample Mahe product (part number U-ESR-KS5) was evaluated by Shukla Medical and physical measurements of the part determined that the extracting tip has a lead of 0.054 inches and an overall diameter of 0.15 inches, thus the lead is 0.36 times the overall diameter of the screw extracting tip.

125.    Defendant is a direct competitor of Plaintiff, as both parties offer competitive stripped screw extractors for the orthopedic industry.

126.    Plaintiff has complied with the marking and notice requirements of 35 U.S.C. § 287 and Defendant has constructive notice of the '488 Patent.  Defendant was also informed that Plaintiff holds numerous patents in the orthopedic extraction technologies space via its December 22, 2023 cease and desist notice to Mahe Medical USA.  Defendant has actual knowledge of the '488 Patent as of the date of filing this Complaint.

127.    Defendant's past and continued acts of infringement of the '488 Patent has caused damage to Plaintiff.  Thus, Plaintiff is entitled to recover damages from Defendant in an amount to be determined at trial, including but not limited to lost profits, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

128.    Defendant's ongoing infringement of the '488 Patent has caused and will continue to cause irreparable harm to Plaintiff unless and until the Court enters an injunction prohibiting Defendant from engaging in further acts of infringement of the '488 Patent.

129.    Upon information and belief, Defendant's conduct has been, and will continue to be, willful and wanton and justifies an award of increased damages.

## COUNT VIII
## DECEPTIVE BUSINESS PRACTICES
## (C.R.S. § 6-1-105)

130.    Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as though fully set forth herein.

131.    Defendant participated in deceptive and/or unfair trade practices in the course of its business, vocation, or occupation, within the meaning of C.R.S. § 6-1-101 et seq.

132.    Such prohibited acts include: (1) knowingly or recklessly making a false representation as to the source, sponsorship, approval, or certification of Defendant's products by using a designation that is likely to cause confusion with the Shukla Medical Mark; and (2) knowingly or recklessly making a false representation as to affiliation, connection, or association with or certification of Defendant's products by Shukla Medical by using a designation that is likely to cause confusion with the Shukla Medical Mark.

133.    Defendant's deceptive and/or unfair trade practices significantly impact the public as actual or potential customers of Defendant's goods.

134.    As a direct and proximate result of Defendant's deceptive and/or unfair trade practices, Plaintiff has suffered injury to its legally protected interests.

135.    Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.

Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and

reputation and the diminution of goodwill of the Shukla Medical Mark is difficult to ascertain

with specificity. Plaintiff is therefore entitled to injunctive relief.

136.     As a direct and proximate result of Defendant's deceptive and/or unfair trade

practices, Plaintiff has suffered actual damages in an amount to be determined at trial, treble

damages pursuant to C.R.S. § 6-1-113(2), together with prejudgment interest accrued and

accruing at the statutory rate, plus attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shukla Medical respectfully requests that this Court enter

judgment against Defendant as follows:

A.     Preliminary and permanent injunctive relief enjoining and restraining Defendant

and its officers, directors, agents, employees, attorneys, and all other persons in privity or acting

in concert with them from using orally, in writing, or in connection with any product or media,

the XTRACTA-SCREW Mark, and any term, mark, logo, trade name, Internet domain name or

any other identifier or symbol of origin that is confusingly similar to the Shukla Medical Mark;

B.     Preliminary and permanent injunctive relief enjoining and restraining Defendant

and each of their officers, directors, partners, employees, agents, servants, attorneys, and all

persons in privity or acting in concert with them, from selling or offering for sale any products or

services that employ Plaintiff's proprietary or patented technology;

C.     Finding that (1) Defendant has violated Section 32 of the Lanham Act (15 U.S.C.

§ 1114); (2) Defendant has violated Section 43(a) of the of the Lanham Act (15 U.S.C. §

1125(a)); (3) Defendant has committed acts of trademark infringement and unfair competition in

violation of Colorado common law; and (4) Defendant has committed patent infringement in

violation of Section 35 U.S.C § 271;

     D.    Award such damages as Plaintiff shall establish in consequence of Defendant's

acts of trademark infringement, false designation of origin, and unfair competition, including

interest and an award of three times the amount of actual damages pursuant to 15 U.S.C. § 1117;

     E.    That this case be deemed an exceptional case and award Shukla Medical its costs

and expenses, including its reasonable attorney's fees to the full extent provided by Section 35 of

the Lanham Act (15 U.S.C. § 1117);

     F.    Award damages adequate to compensate Plaintiff for the patent infringement that

has occurred, pursuant to 35 U.S.C. § 284, including pre- and post-judgment interest;

     G.    An accounting and/or supplemental damages for all damages occurring after any

discovery cutoff and through final judgment;

     H.    An award of treble damages for willful patent infringement pursuant to 35 U.S.C.

§ 284;

     I.    An award against Defendant for treble damages pursuant to C.R.S. § 6-1-114(2);

     J.    A finding that this action for patent infringement is an exceptional case under 35

U.S.C. § 285, and an award of attorneys' fees based on this case being an exceptional case

pursuant to 35 U.S.C. § 285, including pre-judgment interest on such fees;

     K.    Order Defendant to recall and deliver up for destruction any and all products that

embody Plaintiff's patented technology and any and all goods, product packaging, promotional

materials, and all other material which bears the XTRACTA-SCREW Mark and any term, mark,

logo, trade name, Internet domain name or any other identifier or symbol of origin that is

confusingly similar to the Shukla Medical Mark pursuant to 15 U.S.C. § 1117;

     L.    Order that Defendant and each of its officers, directors, partners, employees,

agents, servants, attorneys, successors, assigns, licensees, and all other persons in privity or acting in concert with them take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above;

M.      Order Defendant, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with this Court and to serve on Shukla Medical within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

N.      Costs and expenses in this action; and

O.      Grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues triable to a jury.

DATED: March 25, 2025                Respectfully submitted,

By: */s/ Carolyn Juarez*
Carolyn Juarez
NOD Law PC
726 Front St., Ste. 220
Louisville, CO  80027
T: (720) 536-4900
F: (720) 536-4910
carolyn@nod-law.com

*Application for Admission expected:*
Y. Jae Kim, Esq.
Firouzeh Nur-Vaccaro, Esq.
**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
Tel: (856) 520-8988
yjaekim@kimiplawgroup.com
firouzehnurvaccaro@kimiplawgroup.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2025, a true and correct copy of the foregoing **COMPLAINT AND JURY DEMAND** was filed with the Clerk of Court using the CM/ECF system.

/s/ Carolyn Juarez
Carolyn Juarez