IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00953-CNS-SBP

SHUKLA MEDICAL INC.,
a Florida Corporation,

        Plaintiff,

v.

MAHE MEDICAL USA, LLC,
a Colorado limited liability company,

        Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO COMPLETE SERVICE**

---

**Susan Prose, United States Magistrate Judge**

      This case is before the court upon Plaintiff Shukla Medical Inc.'s ("Shukla") Motion for Substituted Service or, Alternatively, for an Extension of Time to Complete Service, ECF No. 11 ("Motion"). The undersigned Magistrate Judge is authorized to decide this matter pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Order Referring Case (ECF No. 9), and the Memorandum Referring the Motion (ECF No. 12).

      For the reasons below, the Motion is granted, such that the request for substituted service is granted, and the time for service is extended by 90 days from the date of this order.

**BACKGROUND**

      Shukla brings this action against Defendant Mahe Medical USA, LLC ("Mahe Medical") for patent infringement, trademark infringement, and unfair competition. *See generally* Compl.,

1

ECF No. 1; Mot. at 2 (summarizing claims). Shukla filed suit on March 25, 2025, and the clerk's office issued a summons for Mahe Medical the same day. ECF Nos. 1, 6. On June 23, 2025—the deadline for service under Federal Rule of Civil Procedure 4(m) set by the court—Shukla filed its Motion for Leave to Effect Substituted Service or, alternatively, to extend the time to complete service. *See* ECF Nos. 10,11.

At the time of filing, the Colorado Secretary of State listed Keith Hamilton (Mahe Medical's CEO) as the registered agent at a residential address in Golden, Colorado, which Mahe Medical also designated as its principal place of business. *See* Mot. at 2–3 (citing Juarez Decl. ¶ 4 & Ex. 2). Shortly thereafter, on March 30, 2025, Mahe Medical updated its filings with the Secretary of State to substitute James Schwisow (its COO) as the registered agent and to designate a private residential address in Littleton, Colorado, as the principal office. *See* Mot. at 4 (citing Juarez Decl. ¶¶ 7–8 & Ex. 5–6).

Prior to attempting personal service, Shukla sought a waiver of service from Mahe Medical's counsel in related Florida litigation, Kelly Ann desRosiers of The Lomnitzer Law Firm. *See* Mot. at 3; Ex. 3 (email chain). On March 28, 2025, Shukla's counsel emailed Ms. desRosiers requesting acceptance or waiver of service. Ex. 3 at 5. Ms. desRosiers responded on April 2 and April 8, 2025, indicating she would consult her client, but provided no further updates. *Id.* at 2-4.

Shukla then engaged two process servers and also requested assistance from the Jefferson County Sheriff. *See* Mot. at 2–4. One deputy successfully contacted Mr. Hamilton at the Golden address, but Mr. Hamilton refused service and claimed he "was no longer an agent for the company and had not been for a year"—a statement contradicted by Mahe Medical's filings as of

2

March 30, 2025. *See* Marintzer Aff.; Mot. at 3–4; Juarez Decl. ¶¶ 7–8 & Exs. 5–6. In addition, Shukla attempted service on multiple occasions at Mr. Hamilton's Golden residence (with no response), at the newly listed Littleton address for Mr. Schwisow (a gated private residence that prevented access), and at other locations identified in prior filings, including a purported "fulfillment warehouse" in Laramie, Wyoming. *See* Hill Aff.; Ramos Decl. ¶¶ 7–12; Mot. at 4–5. Despite efforts spanning five addresses across two states, Shukla has been unable to effect personal service. *See* Mot. at 5.

Through the present Motion, Shukla seeks leave for substituted service by registered mail (1) on Ms. desRosiers at The Lomnitzer Law Firm and (2) on Mr. Schwisow at the Secretary of State–listed registered agent address; in the alternative, Shukla requests an extension under Rule 4(m). *See* Mot. at 9–10.

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure governs service of process. For serving a corporation like Mahe Medical in a judicial district of the United States, Rule 4(h) provides that service may be effected:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h). Rule 4(e)(1) in turn permits service by following state law—in this case, Colorado law—for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1).

3

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019) (quoting *Hammond v. City of Junction City*, No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002)). It is only in those instances when "service of process by personal service cannot be accomplished" that "other means of service may be used." *United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Colorado's default method of service on a limited liability company like Mahe Medical is personal service under Colorado Rule of Civil Procedure 4(e)(4), which includes delivering the summons and complaint to the registered agent for service, an officer, a manager, or other authorized person. *See* Colo. R. Civ. P. 4(e)(4). When these methods prove unsuccessful, the Colorado Rules of Civil Procedure allow for alternative methods of service—referred to as substituted service. *See generally* Colo. R. Civ. P. 4(e), (f).

Colorado law places certain requirements on a party seeking to employ substitute service; at a minimum, the party must file a motion setting forth (1) the efforts made to obtain personal service and the reason why personal service could not be obtained; (2) the identity of the person to whom the party wishes to deliver the process; and (3) the address, or the last known address of the workplace and residence, if known, of the party upon whom service is to be effectuated.

4

Colo. R. Civ. P. 4(f). Yet even if the motion meets these technical requirements, the court must still determine that the serving party has exhibited due diligence in their efforts at achieving personal service and further conclude that additional attempts at personal service would be futile. *Id.* Moreover, substituted service by mail must also be "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effectuated." *Id.* If so, the court must then (1) authorize delivery to be made to the person deemed appropriate for service; and (2) order that process be "mailed to the address(es) of the party to be served by substituted service, as set forth in the motion." *Id.* Service shall be complete on the date of delivery to the person deemed appropriate for service. *Id.*

Additionally, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## ANALYSIS

Shukla has demonstrated due diligence in its efforts to serve Mahe Medical personally. Shukla's efforts spanned nearly three months and included: (1) a good-faith request for waiver of service to Mahe Medical's known counsel in related litigation; (2) ten separate personal service attempts by two private process servers and the Jefferson County Sheriff at five addresses across two states; (3) direct contact with Mr. Hamilton (the original registered agent and CEO), who refused service; and (4) a prompt attempt at the newly discovered registered agent address for Mr. Schwisow upon learning of the update. These efforts reflect reasonable diligence, as Shukla

employed multiple methods and locations, adjusted based on new information (e.g., the agent change), and persisted despite refusals and barriers like gates. Further personal service attempts would likely be futile given the pattern of evasion suggested by the refusals and address changes. *See* ECF No. 11-1 to -16 (affidavits and declarations detailing attempts).

The court finds that good cause exists under Federal Rule of Civil Procedure 4(m) for Shukla's failure to effect personal service within the original 90-day period, based on the documented diligence, defendant's apparent evasion, and the barriers encountered. Accordingly, the court must extend the time for service for an appropriate period, and a 90-day extension from the date of this order is warranted to allow for completion of substituted service and filing of proof thereof.

Substituted service by registered mail to Ms. desRosiers (as prior counsel with apparent ongoing knowledge of the matter) and to Mr. Schwisow (the current registered agent and COO) is appropriate under the circumstances and reasonably calculated to provide actual notice. Registered mail requires a signed receipt, ensuring proof of delivery, and targets individuals authorized or positioned to receive service on behalf of Mahe Medical under Rule 4(h) and Colorado Rule 4(f). This method comports with due process under *Mullane*, as it is targeted at known agents and counsel likely to apprise Mahe Medical of the action. *See Elsberg*, 2010 WL 5177439, at *3. Shukla is directed to complete substituted service promptly and file proof thereof with the court.

## CONCLUSION

For the reasons stated, the Motion (ECF No. 11) is **GRANTED**. The Rule 4(m) deadline is extended 90 days from the date of this Order. Plaintiff may effect substituted service by

sending the summons and complaint by registered mail, return receipt requested, to both: (1) Kelly Ann desRosiers, The Lomnitzer Law Firm, P.A., 7999 N. Federal Highway, Suite 202, Boca Raton, FL 33487; and (2) James Schwisow, at the address then listed for Mahe Medical USA, LLC's registered agent with the Colorado Secretary of State. Service is deemed complete upon delivery to either addressee, as shown by a signed return receipt. Plaintiff must file proofs of service (including the signed receipt) within 14 days after delivery.[1]

DATED: September 9, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").