**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00953-CNS-SBP

SHUKLA MEDICAL INC.,
a Florida Corporation,

Plaintiff,

v.

MAHE MEDICAL USA, LLC,
a Colorado limited liability company,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiff Shukla Medical Inc.'s ("Shukla's") Motion for Award of Expenses for Service Pursuant to Fed. R. Civ. P. 4(d) ("Motion"). ECF No. 19. For the reasons set forth below, the Court DENIES Shukla's motion.

## I. BACKGROUND

A detailed timeline is required to explain the Court's conclusion. On December 18, 2023, Plaintiff brought suit against Defendant Mahe Medical USA, LLC, for patent infringement, trademark infringement, and unfair competition in the United States District Court for the Middle District of Florida. *See* ECF No. 21 at 1; *see also S.S. White Technologies inc. d/b/a Shukla Medical v. Mahe Medical USA*, No. 8:23-cv-02895-VMP-AAA (M.D. Fla. 2023) ("Florida Case"). On October 31, 2024, the Florida Case was dismissed for lack of personal jurisdiction. Florida Case, ECF No. 49. Plaintiff then brought

the instant suit on March 25, 2025, and the Clerk's Office issued a summons for Defendant the same day. ECF No. 1; ECF No. 6.

The service issue immediately became complicated. On March 28, 2025, Firouzeh Nur-Vaccaro, Plaintiff's counsel, contacted Kelly Ann desRosiers, an attorney associated with the Lomnitzer Law Firm who had represented Defendant in the Florida Case, to ask if Defendant would waive service. ECF No. 11-7 at 4-5. On April 2, 2025, Ms. desRosiers responded to that email, explained that she had been out of the office, and stated that she "will certainly reach out to the client to inquire [about waiver of service], however, our office has no attorneys barred in the State of Colorado, *so I am unsure if that plays into potentially accepting service (if he approves). I will let you know as soon as I hear back*." *Id.* at 4 (emphasis added). On Tuesday, April 8, 2025, having not heard from Defendant's Florida counsel, Ms. Nur-Vaccaro advised Ms. desRosiers that "[i]f we do not hear back from you by the end of the week, we will proceed with service of process next week." *Id.* at 2. Ms. desRosiers responded immediately: "Understood – I will reach out again but I'll try and let you know either way!" *Id.*

Ms. desRosiers apparently did not respond by the deadline set by Ms. Nur-Vaccaro, and so Plaintiff forged ahead with multiple attempts to serve Defendant. Plaintiff made eleven attempts to serve Keith Hamilton, a former registered agent for Defendant. *See* ECF Nos. 11-1, 11-2, 11-3. However, information available on the Colorado Secretary of State's website shows that, as of March 30, 2025—*before* Plaintiff attempted to effectuate service—the registered agent for Defendant was James Schwisow. *See* Statement of Change/Changing the Registered Agent Information, available at

https://www.sos.state.co.us./biz, last accessed September 24, 2026.[1] Plaintiff eventually made several unsuccessful attempts to serve Mr. Schwisow. ECF No. 11-3 at ¶ 8, but Mr. Schwisow, who lives in a gated community, has averred that he "was never personally approached by any person or entity regarding service." ECF No. 21-2 at ¶ 14.

On September 9, 2025, the United States Magistrate Judge granted Plaintiff's request for substituted service by registered mail. ECF No. 13. A summons was returned executed on October 13, 2025, ECF No. 16, and Defendant filed an answer on October 22, 2025. ECF No. 18. Plaintiff filed the instant Motion on November 11, 2025. In it, Plaintiff seeks $891.20 in service costs and $9,613.76 in attorney's fees related to its efforts to obtain service on Defendant and to prepare the motion for substituted service. ECF No. 19 at 11.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 4(d), a plaintiff can request a corporation or association that is subject to service under Rule 4(h)[2] to waive personal service of the summons and complaint:

> (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that

---

[1] The Court may take notice of this information in analysis of the Motion. *See, e.g.*, GreenLatinos v. Suncor Energy (U.S.A.), Inc., 184 F.4th 1171, 1176 (10th Cir. 2026).

[2] "Federal Rule of Civil Procedure 4(h) governs service on limited liability companies," like Defendant here. *Ruiz-Paramo v. Aroma360, LLC*, No. 24-cv-02750-PAB-SBP, 2026 WL 1656947, at *4 (D. Colo. June 9, 2026) (citing *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 973 (D. Wyo. 2022) ("The Court analyzes adequacy of service of process on an LLC in the context of Fed. R. Civ. P. 4(h), which establishes service of process for a corporation, partnership, or association.")).

> the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or
>
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or **any other agent authorized by appointment or by law to receive service of process**;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1) (emphasis added). "[B]efore Plaintiff can collect fees under Rule 4(d)(2), it is his burden to show that he complied with the procedural requirements of Rule 4(d)(1)[.]" *Van Wade v. Nitti*, No. 6:21-CV-06726 EAW, 2023 WL 1784672, at *5 (W.D.N.Y. Feb. 6, 2023); *see also, e.g.*, *Cain v. Jackson Pub. Sch. Dist.*, No. 3:24-CV-244-KHJ-MTP, 2024 WL 4140612, at *1 (S.D. Miss. Sept. 10, 2024) ("Plaintiff bears 'the burden to show entitlement to costs and fees under' the rule.") (quoting *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004)).

If the defendant does not agree to waive service, then Rule 4(d)(2) allows the plaintiff to seek the costs it incurred in serving process:

> (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). A court has discretion in determining whether a defendant had good cause to decline to waive service. *See, e.g., Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1071 (10th Cir. 2022).

Upon a careful review of the record, the Court finds that Plaintiff has failed to comply with the requirements of Rule 4(d)(1), and its noncompliance was not a merely technical violation. Before obtaining this Court's permission to serve Defendant by substituted service, Plaintiff never presented a written waiver request to any "agent authorized by appointment or by law to receive service of process" for Defendant. *See* Fed. R. Civ. P. 4(d)(1)(A)(ii). Ms. Nur-Vaccaro, Plaintiff's counsel, asked Ms. desRosiers, defense counsel in the Florida Case, about waiver of service. But as Ms. desRosiers explicitly informed counsel, she was uncertain at that time whether she was authorized to accept service and was taking steps to confirm that point with a client representative. ECF No. 11-7 at 4. As it happened, Ms. desRosiers did not immediately reach her former client.

As Keith Hamilton, Defendant's Chief Executive Officer, explained in an affidavit, Defendant's relationship with the Lomnitzer Law Firm ended when the Florida case was dismissed in November 2024. ECF No. 21-1 at ¶¶ 8-9. Mr. Hamilton also attested that he deleted email communications from Ms. desRosiers' firm following the termination of the

Florida Case because of a virus threat. ECF No. 21-1 at ¶¶ 10-11. Mr. Schwisow, who is the "the co-owner and Registered Agent" of Defendant, ECF No. 21-2 at ¶ 1, attested that the existence of the instant litigation came to Defendant's attention when he received a copy of this Court's Order granting substituted service on October 8, 2025. *Id.* at ¶¶ 11-12. Prior to that, per Mr. Schwisow, Defendant had not retained Ms. desRosiers' firm (except in the terminated Florida Case), and the firm "had no authority to accept service on Mahe Medical USA, LLC's behalf." *Id.* at ¶ 13. Mr. Schwisow further states that during the period when Plaintiff was attempting to effect service on Defendant in this case, he "was never personally approached by any person or entity regarding service," and Defendant never "receive[d] any correspondence or mail that included a request for waiver of service from Plaintiff or counsel for Plaintiff." *Id.* at ¶¶ 14-15. Mr. Hamilton swears to the same point: that until substituted service was accomplished, he had not "receive[d] any correspondence or mail that included a request for waiver of service." ECF No. 21-1 at ¶¶ 16-17.

Plaintiff urges this Court to view this sworn information from Defendant's representatives as "demonstrably false," ECF No. 25 at 2, 4 n.3, but the Court finds no basis to countenance that characterization. Further, the publicly-available information confirming that, as of March 30, 2025, Mr. Schwisow—not Mr. Hamilton—was Defendant's registered agent for service of process was available to Plaintiff and its counsel, and it was incumbent on them to verify that information. Critically, Plaintiff has presented no evidence that attorney desRosiers was an agent authorized to receive process on behalf of Defendant in April 2025, and it is well-established that "the attorney-

client relationship does not on its own suffice to make an attorney an authorized agent of a client-corporation." *Deeck v. Singer*, No. 5:24-cv-1929, 2024 WL 3889097, at *4 (E.D. Pa. Aug. 20, 2024).[3] "[S]imply serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process." *United States v. Glaister*, No. 20 Civ. 3581 (NSR) (PED), 2021 WL 1565678, at *2 (S.D.N.Y. Apr. 21, 2021) (quotation omitted); *see Yaxin Jing v. Angel Tips, Inc.*, No. 11-cv-05073 (RRM) (JMA), 2013 WL 950585, at *3 n.1 (E.D.N.Y. Mar. 11, 2013) ("an attorney's claim that he is authorized to receive process is not by itself sufficient; there must be some evidence that the client intended to grant such authority") (quotation omitted). The Court recognizes that Ms. desRosiers and another attorney associated with the Lomnitzer Law Firm later appeared in this case. *See* ECF No. 15 (October 8, 2025 stipulation for extension filed by desRosiers). However, "simply representing a client does not constitute authorization (let alone retroactive authorization) to accept service on the client's behalf." *Glaister*, 2021 WL 1565678, at *2.

In addition to failing to communicate its request for waiver to an agent authorized to receive service, Plaintiff also did not comply with other requirements set forth in Rule

[3] *See id.* (citing *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney[.]"); *Schultz v. Schultz*, 436 F.2d 635, 639 (7th Cir. 1971) ("[T]he fact that [the attorney] was defendant's attorney in an unrelated action furnishes no basis for the validation of the service of process on him as such."); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[Plaintiff] has shown no basis for an inference that [Defendant] had authorized its attorneys to accept service of process on its behalf[,]" and "service of process on an attorney not authorized to accept service for his client is ineffective[.]" (citation omitted)); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248-49 (9th Cir. 1987) (explaining that "service of a complaint on an attorney [is] ineffective unless [the] attorney has specific authority to accept service" and the plaintiffs failed to claim that the law firm that represented the defendant in a previous action was authorized to accept service of process in the present action) (citation omitted)).

4(d)(1). The most critical of Plaintiff's omissions was its failure to give Defendant "at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). It may have been that contact between Ms. desRosiers and a Defendant representative could not have been accomplished in that time, but Plaintiff's counsel negated that possibility by insisting, on April 8, 2025, that Defendant's willingness to waive be confirmed by "the end of the week": April 11, 2025, which would have been just fourteen days after the initial request for waiver was sent and just nine days after Ms. desRosiers first retrieved the message from Plaintiff's counsel on April 2. ECF No. 11-7 at 2-3.[4] Thus, Plaintiff imposed on Defendant an insufficient timeframe to consent that is wholly at odds with the Rule. This reflects significant noncompliance with the Rule on Plaintiff's part.

Based on this record, the Court finds that Plaintiff has failed to meet its burden to comply with the requirements set forth in Rule 4(d)(1) for requesting a waiver of service.[5] This noncompliance exceeds a mere technical violation of the Rule. Accordingly, Plaintiff's request for attorney's fees and costs is denied.

## III. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion for an Award of Expenses for Service Pursuant to Fed. R. Civ. P. 4(d), ECF No. 19, is DENIED.

---

[4] Plaintiff's counsel also did not send Ms. desRosiers "a copy of the complaint, 2 copies of the waiver form appended to . . . Rule 4, and a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C).

[5] In connection with evaluating the motion for substituted service, the United States Magistrate Judge assigned to this matter described Defendant's conduct as demonstrating a "pattern of evasion." ECF No. 13 at 6. That description does not hold up when viewed through the lens of the complete record, including Defendant's description of the timeline, bolstered by sworn testimony. On a full record, the Court finds no evidence of evasion.

DATED this 28th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge